Amaya-Canales v. Bondi

BIA
Spencer, IJ
A209 304 797

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand twenty-six.

PRESENT:
    MICHAEL H. PARK,
    WILLIAM J. NARDINI,
    EUNICE C. LEE,
        *Circuit Judges.*

_____

YAMILETH DEL ROSARIO AMAYA-
CANALES,
        *Petitioner,*

        v.                                                      **23-7741**
                                                                **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

**FOR PETITIONER:**     Nicholas J. Mundy, Esq., Brooklyn, NY.

**FOR RESPONDENT:**     Brian Boynton, Principal Deputy Assistant Attorney General; Timothy G. Hayes, Senior Litigation Counsel; Tracie N. Jones, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yamileth Del Rosario Amaya-Canales, a native and citizen of El Salvador, seeks review of an October 16, 2023 decision of the BIA affirming a January 24, 2020 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yamileth Del Rosario Amaya-Canales*, No. A 209 304 797 (B.I.A. Oct. 16, 2023), *aff'g* No. A 209 304 797 (Immigr. Ct. N.Y.C. Jan. 24, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005) ("Where the BIA adopts the decision of the IJ and merely supplements the IJ's decision . . . we review the

2

decision of the IJ as supplemented by the BIA.").  We review fact-finding "under the substantial evidence standard" and questions of law and the application of law to fact de novo.  *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).  "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

Amaya-Canales has abandoned her challenge to a dispositive ground for the agency's denial of asylum and withholding of removal by not raising it in her brief.  An applicant for asylum or withholding of removal has the burden to establish past persecution or a well-founded fear of future persecution.  8 C.F.R. §§ 1208.13(a)–(b), 1208.16(b).  "To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private individuals whom the government is unable or unwilling to control."  *Singh v. Garland*, 11 F.4th 106, 114 (2d Cir. 2021) (quotation marks omitted).  "Under the unwilling-or-unable standard, a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims."  *Id.* at 114–15 (quotation marks omitted).  The agency

concluded that Amaya-Canales had not shown that the government of El Salvador would be unable or unwilling to protect her. Amaya-Canales mentions this finding twice in the background of her brief, but the only discernable challenge to it is a single sentence reflecting her belief that the government would be unable or unwilling to protect her or control her persecutors. This passing reference is unsupported by further factual allegations, citations, or legal authority. We therefore deem any challenge to the finding abandoned. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)); *see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming argument abandoned where brief "devote[d] only a single conclusory sentence" to it); Fed. R. App. P. 28(a)(8)(A) (the argument section of an appellant's brief must contain "appellant's contentions and reasons for them, with citations to the authorities and parts of the record on which the appellant relies").

The agency's unchallenged finding that Amaya-Canales has not met her burden to establish that the government of El Salvador is unwilling or unable to protect her is dispositive of asylum and withholding, so we do not reach the

4

agency's alternative findings regarding severity of harm, nexus, and the likelihood of future harm. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Amaya-Canales's challenges to the denial of her CAT claim suffer similar deficiencies. A CAT applicant has the burden to show she will "more likely than not" be tortured and that the torture would be by or with the acquiescence of government officials. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). "Analysis of a CAT claim boils down to a two-step inquiry": an applicant must establish that she will likely be tortured *and* that a government official, acting in an official capacity, would inflict, instigate, or acquiesce to that torture. *Garcia-Aranda v. Garland*, 53 F.4th 752, 758–59 (2d Cir. 2022).

The agency denied CAT relief because Amaya-Canales had not established either a likelihood of future torture or government acquiescence to that torture. Amaya-Canales now contends as to the denial of her CAT claim that she would likely be tortured, but makes only a brief assertion that the "police and/or government were unable to help her." As noted above, a single passing sentence is insufficient to preserve a challenge to an agency finding. *See Debique*, 58 F.4th at

5

684; *Yueqing Zhang*, 426 F.3d at 545 n.7.  Even were this challenge fully raised, we would find no error in the agency's determination that Amaya-Canales failed to establish that the government would acquiesce to any future torture.  Accordingly, we do not reach her arguments that the threats and financial harm she fears would constitute torture.  *See Bagamasbad*, 429 U.S. at 25.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6